Much of the argument respected the liability of a master for injuries to strangers from the willful or negligent act of a servant. This, however, is not a case of that kind, but entirely different. It is a question between bailor and bailee for hire; and the plaintiff's right to recover cannot be seriously doubted, upon the principles applicable to that relation. Such a bailee is entitled to make such use, and bound to take such care, of the thing bailed as persons of ordinary prudence usually do of their own. By that rule, the defendant must have been held liable to the extent to which the value of the slave was permanently impaired, if he had himself inflicted the unreasonable and dangerous blow with the deadly weapon, which his overseer gave, instead of resorting only to such moderate and usual correction as would have reduced the slave to subordination and been of good example to other slaves. If the defendant would have been thus liable for the act had it been that of his own hand, he is, as bailee, equally liable for it as the act of one to whose control and management he committed the slaves. If one hire a horse and work him excessively, or otherwise wantonly injure it, he is responsible for the damage, either upon his (309) contract or in case. So, if he give it to his wagoner to drive, or lend him to a third person to drive in his wagon, and either of those persons overwork the beast, so that he die, or, in a passion at its restiveness or attempt to run away, maim it, inflict any lasting injury, the hirer would clearly be liable to the owner. It is true, the person who did the deed would be liable both to the hirer and the owner. But that cannot prevent the owner of his remedy against the hirer, since, by the contract, and also the obligations of the law arising out of the relation between the parties, the hirer is bound to ordinary care, and he had no right to confide the property to a person, or his servant, or borrower from him, who would not treat it in the manner in which he undertook it should *Page 212 
be treated. The defendant was, therefore, bound for the care and conduct of his overseer towards this slave as he was for his own, and the judgment should be affirmed.
PER CURIAM. No error.
Cited: Ponton v. R. R., 51 N.C. 248; Huntley v. Mathias, 90 N.C. 105;Daniel v. R. R., 117 N.C. 605.
(310)